**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES,

Plaintiff,

vs.

ABRAHAM JUAREZ-FRANCO,

Defendant.

CASE NO. 12-cr-2570-L

JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT DUE TO INVALID DEPORTATION

Defendant Abraham Juarez-Franco ("Defendant") was charged by indictment on June 27, 2012 with being a Removed Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) & (b). The indictment alleges that Defendant was removed subsequent to August 28, 2011. Defendant moves the Court to Dismiss the indictment due to an invalid deportation.

**I. Factual Background**

Defendant's Immigration contacts:

- October 18, 1998 - Expedited Removal
- January 8, 2000 - Reinstatement of 1998 Order
- January 5, 2004 - Reinstatement of Defendant's 2000 Order
- November 22, 2006 - Order by Immigration Judge either reinstating 1998 removal order pursuant to INA section 241(a)(5) or finding Defendant removable as charged

- May 21, 2008 - Reinstatement of 2006 Order
- December 19, 2008 - Reinstatement of 2006 Order
- June 10, 2009 - Reinstatement of 2006 Order
- June 14, 2011 - Reinstatement of 2006 Order
- November 22, 2011 - Reinstatement of 2006 Order

Defendant's Criminal Convictions:

- September 2, 1999 - Driving on suspended license, DUI (20 days custody, 5 yrs probation)
- December 16, 2002 - December 16, 2002 - Driving on a suspended license, DUI (30 days custody, 3 yrs probation)
- November 12, 2003 - Driving on suspended license (20 days/3yrs probation)
- October 19, 2006 - DUI alcohol/drugs (14 days/3 yrs)
- June 9, 2009 - DUI (96 hours/5 yrs probation)
- April 14, 2011 - Driving on suspended license (180 days)
- August 29, 2011 - Deported Alien Found in U.S. (90 days custody plus 1 yr s/r) - Defendant entered a guilty plea in which he agreed to waive any right to appeal or challenge the removal order in that or any subsequent case.
- December 30, 2011 - Driving on suspended license (sent. unknown)
- January 19, 2012 - DUI (180 days/5yrs probation)

**II. Defendant's Motion**

Defendant contends the only removal he suffered after August 28, 2011, was the November 22, 2011 reinstatement of an Order of Removal entered on November 22, 2006, by an Immigration Judge ("IJ") in El Centro, California. The 2006 proceedings were initiated by a Notice to Appear ("NTA") filed on November 1, 2006, that alleged that Defendant was not a citizen of the United States, but of Mexico; that he had entered the United States without inspection in January of 2006; and that he was removable

under INA § 212(a)(6)(A)(I). The IJ sustained the charge of removability and proceeded to consider relief. Defendant requested voluntary departure based on a petition to immigrate (I-130) filed by his father that had been preliminarily approved; based on the fact that his parents live in the United States; and that he has two United States citizen children. The Immigration and Naturalization Service ("IS" or "Service") requested that the IJ deny all forms of relief and reinstate a prior 1998 removal order. The IJ continued the case to allow submission of additional evidence regarding the 1998 removal. The Service submitted copies of Defendant's 1998 expedited removal. When the hearing reconvened, the IJ reviewed the evidence regarding the 1998 removal and questioned Defendant about that removal and subsequent reinstatements of the order. The IJ then advised Defendant that, under § 241(a)(5) of the Immigration Act, he would be ineligible to apply for any relief from the proceedings because of the prior expedited removals and reinstatements of the original order. The IJ then found Defendant removable as charged. He also found that the Defendant was subject to reinstatement of the original order and reiterated that Defendant was ineligible for relief under 241(a)(5).

Defendant claims the IJ did not have jurisdiction to reinstate the prior Order of Removal because only an immigration officer can enter a reinstatement of a removal order. He notes that the Notice to Appear initiates removal proceedings under INA § 240, whereas the reinstatement order is provided for in INA § 241(a)(5). Therefore, he claims the IJ committed a due process violation when he did so and therefore, the 2006 removal is invalid. He also claims he was eligible for voluntary departure, but was misadvised; and that he had a plausible claim for relief, and was therefore, prejudiced. U.S.C. § 1326(d).

The Government responded to the motion on February 19, 2012 arguing that the IJ had the authority to reinstate the prior Order; and arguing that the Defendant was ineligible for any form of relief. The Defendant filed a reply on February 20, 2012 in which he alters his original position, arguing that the IJ either entered an order of

removal based on the allegations in the Notice to Appear or that the IJ reinstated the prior Order of Removal; and that regardless of which actually happened the order was invalid.

The Government filed additional briefing on March 13, 2013. In this brief, the Government changed its position with respect to the reinstatement issue. The Government now concurs that the record indicates the IJ reinstated the Prior Order of Removal and it was error for him to do so. However, the Government still argues that the Indictment should not be dismissed because the Defendant was ineligible for relief and therefore was not prejudiced by the error.

**III. Analysis**

A defendant in a § 1326 prosecution "has a Fifth Amendment right to collaterally attack a removal order because the removal order serves a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

To succeed in a collateral challenge to a removal order, a defendant must demonstrate: "(1) that he exhausted all administrative remedies available to him to appeal his removal order, (2) that the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) that the entry of the order was fundamentally unfair." Id. An underlying removal order is "fundamentally unfair" when: (1) the defendant's due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects. *Id.*; *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000).

*A. The IJ Lacked Authority to Reinstate a Prior Order of Removal*

First, Defendant asserts that an order entered without jurisdiction is void and cannot be used as a predicate for a § 1326 prosecution. The Government agrees that the IJ entered the order improperly, citing to a case before the BIA concluding it was not error for an IJ to decide he did not have authority to reinstate a prior order of removal on the basis that an alien has no "right" to a hearing before an immigration judge under

8 C.F.R. § 1241.8(a).

Reviewing the record, it is unclear whether the IJ reinstated Defendant's 1998 Order of Removal or found Defendant removable as charged. During the first hearing on November 14, 2006, the IJ questioned Defendant about the charges in the Notice to Appear and then found him removable as charged. The IJ went on to consider whether Defendant was eligible for any forms of relief. The Service then requested that the IJ reinstate the prior order of removal and deny any form of relief. After some further questioning, the Defendant requested voluntary departure. The IJ stated he would first have to determine whether Defendant had ever been subject to the expedited removal procedure and, if so, he would be ineligible for voluntary departure. The IJ continued the case to allow the IS to submit evidence regarding expedited removals.

At the continuation of the proceeding, the IJ reviewed an expedited removal order from 1998 indicating that Defendant had sought entry into the U.S. by using a false border crossing card. The IJ questioned Defendant regarding that removal and verified Defendant's photo and signature on the Verification of Removal. The IJ then questioned Defendant regarding removals in 2000 and 2004, verifying his signature and photo on the related documents. The IJ next considered a copy of Defendants I-130 petition filed for him by his father in 1995 as well as Defendant's birth certificate and other identification documents provided by Defendant. The IJ explained that the prior expedited removals and reinstatements made Defendant ineligible for relief from the proceedings and stated,

> Ok, well at this time I'll order you removed from the United States to Mexico as charged. I do find that you are subject to reinstatement of the original order. And, uh, ineligible under 241(a)(5) to relief from this proceeding based on what you've told me here in the course of the hearing. So at this time I order you removed. Do you wish to appeal my decision?

[Doc. 16-4, *Transcript of Removal Hearings* at p. 4.]

Defendant stated he did not. The Order of the Immigration Judge issued following the November 22, 2006 hearing, reads, "Upon the basis of the respondent's admissions, I have determined that the respondent is subject to removal [illegible word]

the charge(s) in the Notice to Appear. Respondent has made no application for relief from removal." Following the sentence regarding application for relief from removal, there is a handwritten notation, "241(a)(5)."

Thus, it is unclear exactly what happened. However, both parties acknowledge that the IJ's questioning was a "summary procedure" such as would be conducted in a reinstatement rather than in a hearing pursuant to a Notice to Appear under section 240. In addition, the denial of relief relates to section 241 - the reinstatement provision rather than 8 U.S.C. § 1229c, the provision providing relief from removal proceedings generally.

The Defendant concedes to this confusion in his Reply, but argues that under either scenario, the 2006 Order is invalid. "When an alien subject to removal leaves the country, the removal order is deemed to be executed. If the alien reenters the country illegally, the order may not be executed against him again unless it has been 'reinstated' by an authorized official." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 487 (9th Cir. 2007) (*en banc*). A "reinstatement" is an administrative procedure through which immigration officials can rely on a prior removal order to effect an alien's departure from the country, bypassing the procedural requirements, and protections, of a regular removal proceeding. *United States v. Arias-Ordonez,* 597 F.3d 972, 979-80 (9th Cir. 2010) (citing 8 U.S.C. § 1231(a)(5); *Morales-Izquierdo,* at 489-91). The Ninth Circuit upheld against a constitutional challenge a change in the regulations regarding this summary removal procedure allowing, for the first time, immigration officers rather than immigration judges to make reinstatement determinations. *Arias-Ordonez*, 597 F.3d at 979-80 (citing *Morales-Izquierdo,* at 489-91); see also *Morales-Izquierdo*, at 487-88 ("Until 1997, removal orders could only be reinstated by immigration judges.") "That year, the Attorney General changed the applicable regulation to delegate this authority, *in most cases*, to immigration officers." *Id.* at 488 (emphasis added). The court explained the requirement that immigration judges preside over removal proceedings because of their potential complexity should not extend to the

reinstatement context. *Id.* Thus, Ninth Circuit precedent leaves open the question of what authority to enter a reinstatement order remains with an IJ.

Despite all this, the Board of Immigration Appeals ("BIA") has held that an IJ lacks authority to reinstate a prior order. *In Re W-C-B,* 24 I. & N. Dec. 118 (2007). The *Morales-Izquirdo* court reasoned that, under a *Chevron* analysis, that the INA's interpretation of the reinstatement provision as delegating reinstatement to immigration officials and not affording an alien any right to a hearing before an IJ was valid. *Moralez-Izquierdo,* 486 F.3d at 494-95. Prior to the *Morales-Izquierdo* court's en banc decision, the BIA addressed the issue of whether an IJ had the authority to reinstate a prior order of removal and concluded an IJ does not. *In Re W-C-B,* 24 I. & N. Dec. 118 (2007). In its decision, the BIA relied in part on the Ninth Circuit's initial decision in *Morales-Izquierdo,* the reasoning of which was unchanged in the superceding opinion. Therefore, this Court must defer to the interpretation of the Immigration Service that an IJ lacks the authority to reinstate an order of removal. Hence, as the parties seem to agree, the IJ's finding that the Defendant was subject to reinstatement was improper because the Immigration Service has interpreted the governing regulation as removing that authority from IJs.

*A. Defendant Was Prejudiced When the IJ Misadvised Him of Available Relief*

To show prejudice, Defendant does not have to show that he actually would have been granted relief, but only that he had a plausible ground for relief from deportation. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1050 (9th Cir. 2004). Defendant argues he was prejudiced because he had a plausible claim for relief in the form of voluntary departure under 8 U.S.C. § 1229c, but was misadvised when the IJ told him he was ineligible for any relief. The Government counters that there was no plausible ground for relief because he cannot challenge any of the three requirements underlying a reinstatement order. The Government's argument is based on the Defendant's admissions that he is a removed alien who reentered the United States illegally.

Section 1229c provides:

> The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of a [removal hearing] the immigration judge enters an order granting voluntary departure in lieu of removal and finds that (A) the alien has been physically present in the United States for a period of at least one year immediately preceding the date the notice to appear []; (B) the alien is, and has been, a person of good moral character for at least 5 years immediately preceding the alien's application for voluntary departure; (C) the alien is not [an aggravated felon]; and (D) the alien has established by clear and convincing evidence that the alien has the means to depart the United States and intends to do so.

8 U.S.C. § 1229c

The Government claims, without citation to any authority, that Defendant's valid expedited removal order from 1998 and subsequent reinstatements preclude him from relief under that section. The record indicates that this is the basis upon which the IJ determined that Defendant was ineligible for relief based on § 241(a)(5), but that provision relates to reinstatement and we have already determined that a reinstatement would have been invalid.

Defendant argues that the IJ's conclusion that relief was barred was erroneous because the Ninth Circuit, in *Lin v. Gonzales,* 473 F.3d 979, 981 (9th Cir. 2007), has held it was erroneous for an IJ to assume that reentry after removal makes an alien automatically ineligible for relief. In the case cited by Defendant, Lin, the alien sought to re-open a prior order of removal, but the IJ denied his petition. The IJ reasoned that because a person subject to removal was ineligible for relief, he lacked jurisdiction. The Ninth Circuit reversed, holding that a person subject to removal could file a motion to reopen and holding that the IJ did not lack jurisdiction because a prior order is not automatically reinstated and therefore, the alien was not technically subject to removal until the requirements for reinstatement were met. Rather, "only if the requirements of 8 C.F.R. § 241.8(a) and (b) have been satisfied is the alien removable under the previous order." *Id.* at 982 (citing 8 C.F.R. § 241.8(c)).

Section 1231(a)(5) Reinstatement of removal orders against aliens illegally reentering, provides:

> If the Attorney General finds that an alien has reentered the

> United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, *the alien is not eligible and may not apply for any relief under this chapter*, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added).

"8 C.F.R. § 241.8 is the implementing regulation for § 1231(a)(5) and it requires that before the prior order can be reinstated, the immigration officer must (1) obtain the prior order related to the alien, (2) confirm that the alien under consideration is the same alien who was previously removed or voluntarily departed, and (3) confirm that the alien unlawfully reentered the United States." *Lin*, 473 F.3d at 983. "If the officer determines that the alien is subject to removal under 8 C.F.R. § 241.8(a), he or she must provide the alien with written notice of his or her determination and give the alien an opportunity to make a statement contesting the determination." *Id.* Thus, Defendant is correct. There is no automatic reinstatement of a prior removal and it was error for the IJ to determine he was ineligible for relief on this basis. Therefore, the analysis turns on whether Defendant had a plausible claim to relief.

In determining whether to grant voluntary departure, an IJ must weigh the equities. According to Defendant, the BIA has affirmed grants of voluntary departure for aliens with similar (and worse) criminal histories. *See In Re Pineda-Castellanos*, 2005 WL 3833024 (grant after weighing Form I-130 petition to immigrate filed by his current wife, a marriage certificate, and the birth certificates for three children against 6 criminal convictions for illegal entry, battery, drunkenness, threatening, a second battery, and driving under the influence); *see also In Re Dimas Polanco-Davila*, 2006 WL 901504 (affirming grant of voluntary departure where alien lied to IJ about apprehensions by Border Patrol, used aliases when apprehended and lied about nationality to facilitate easer illegal reentry weighed against citizen wife, three citizen children and pending petition for immigrant visa).

Here, Defendant had two DUI convictions by 2006 but no drug or crime of violence convictions. After 2006 he racked up two more DUIs, a driving on a suspended

license, and a § 1326 conviction. Defendant argues that only the pre-2006 conduct should be weighed against the positive equities: his parents live in the United States and his father's petition to immigrate Defendant had been preliminarily approved; he has lived in the U.S. since a young age and has two citizen children. In support of this contention, he cites a Ninth Circuit case that requires the evaluation to be made based on the law (though not the facts) as it exists at the time of a removal hearing. *United States v. Vidal-Mendoza,* 705 F.3d 1012, 1017 (9th Cir. 2013) ("an IJ need not anticipate future changes in law when determining an aliens apparent eligibility for relief from removal").

The result is the same whether considering only criminal history prior to 2006, or considering his subsequent convictions as well - Defendant does not have any serious or violent criminal history. Defendant points to two cases in which relief was granted to aliens with a more negative balance of equities, even accounting for Defendant's subsequent convictions. Therefore, he has demonstrated prejudice through a plausible claim to relief.

Defendant is exempt from the exhaustion requirement because he was misadvised of available relief. *See United States v. Melendez-Castro*, 671 F.3d 950, 954 (9th Cir. 2012) (alien not advised of right to seek relief exempted from exhaustion requirement). Given the parties' agreement that the IJ improperly entered an order of reinstatement without jurisdiction and Defendant's plausible claim for relief, his present motion is **GRANTED**.

Finally, the Government argues that, notwithstanding the foregoing, the Court should allow the prosecution to proceed based on Defendant's other removals. A Defendant has a Fifth Amendment right to be charged by indictment and to be tried only on the charges presented in the indictment. *United States v. Freeman,* 498 F.3d 893, 907 (9th Cir. 2007). Flowing from this right is the prohibition on constructive amendment of an indictment. *See United States v. Cruz-Rodriguez,* 570 F.3d 1179, 1182 (10th Cir. 2009). This prohibition is also rooted in the Sixth Amendment, which

guarantees a defendant notice of the charges against him or her. *Id.* An indictment is constructively amended when the evidence presented broadens the basis for conviction beyond the acts charged in the indictment or when a complex of facts distinctly different from those set forth in the charging instrument is presented at trial. *Freeman*, 497 F.3d at 907; *See also id.* (suggesting that broadening the basis for a § 1326 prosecution to include removals other than the removal specified in the indictment would constitute an impermissible amendment but declining to reach issue because the defendant had waived appellate review of the argument). Here, because a defendant charged with violation of § 1326 has the right to collaterally challenge the underlying removal, Defendant would be prejudiced if the Court were to allow the Government to proceed based on a removal not alleged in the indictment and which the Defendant has had not opportunity to challenge. The Court therefore declines to allow the prosecution to proceed based on removals not alleged in the indictment.

**IV. Conclusion**

Defendant's Motion to Dismiss the Indictment Due to an Invalid Deportation is GRANTED.

**IT IS SO ORDERED**.

DATED: March 27, 2013

M. James Lorenz
United States District Court Judge